UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KEITH STRICKLAND,<br><br>    Defendant. | Case No. 83-cr-50018-JPG |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Keith Strickland's motion to declare that he is not a convicted felon (Doc. 2). Strickland states that felony proceedings against him in this case in 1983 were dismissed after he completed a probationary period. In its response (Doc. 4), the Government represents that it cannot locate the relevant documents to shed light on the matter other than a portion of the docket sheet. It concedes that Strickland's conviction *may* have been vacated and does not contest that he has recently led a law-abiding life.

The Court has searched its archives and located the docket sheet for Strickland. It reflects his indictment on the following charges:



The docket sheet further reflects Strickland pled guilty to Count 1, and the Court dismissed Counts 2 and 3 at the request of the Government. In October 1983, United States District Judge William L. Beatty (dec.) sentenced Strickland to a two-year term of probation indicating the sentence was pursuant to "YCA, 5010":

```
10/14        K. STRICKLAND    SENTENCING(WLB)  Ct 1:  YCA, 5010, 2 yrs.
T. Hopwood                       probation with conditions.  See order. pb
             70              J & C prepared.  Copies.                   pb
             71              MOTION to dismiss (Govt).                  pb
             72              ORDER (WLB)  On motion of Govt., Counts 2
                                & 3 are hereby dismissed.  Copies.     pb
                             MINUTES of Sentencing.                     pb
```

Judge Beatty then extended that probation term an additional year. On July 29, 1986, Judge Beatty discharged Strickland from his term of probation and entered a "Certificate of Vacation of Conviction":

```
7/29         K. STRICKLAND    ORDER(WLB)  Deft. is discharged from
                                probation.  Copies. (eod 7/29/86,
                                dated 7/29/86)                          pb
                             CERTIFICATE of Vacation of Conviction
                                Copies.
```

It is apparent from the "YCA, 5010" notation in the sentencing docket entry that the Court sentenced Strickland under the Youth Corrections Act, 18 U.S.C. § 5010, which was repealed in 1984. *See* Comprehensive Crime Control Act of 1984, Pub. L. 98-473, Title II, § 218(a)(8), 98 Stat. 2027. The YCA was "designed to provide a better method for treating young offenders convicted in federal courts in that vulnerable age bracket [between 16 and 22 years of age on the date of the offense] to rehabilitate them and restore normal behavior patterns." *See Dorszynski v. United States*, 418 U.S. 424, 432-33 (1974). Under the YCA, a district judge had the option of sentencing a youthful offender to probation, 18 U.S.C. § 5010(a),[1] and when that term of probation was discharged, the offender's conviction would

---

[1] 18 U.S.C. § 5010(a) provided: "If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation." *Quoted in* Michael J. Fusz, *Probation under the Federal Youth*

2

automatically be set aside, 18 U.S.C. § 5021(b).[2]  *Dorszynski*, 418 U.S. at 433-35.

In this case Judge Beatty sentenced Strickland to a term of probation under the YCA. When that term was discharged on July 29, 1986, Strickland's conviction was automatically set aside, and Judge Beatty issued a Certificate of Vacation of Conviction.  This Court therefore **GRANTS** Strickland's motion (Doc. 2), **FINDS** that Strickland's conviction in this case has been **VACATED AND SET ASIDE** and that he no longer stands convicted of that offense.  The Court further attaches the original docket sheet to this order for informational purposes.

**IT IS SO ORDERED.**
**DATED:  January 18, 2023**

                                                      s/ J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **DISTRICT JUDGE**

---

*Corrections Act*, 53 Chi.-Kent L. Rev. 79, 82 n. 22 (1976), available at https://scholarship.kentlaw.iit.edu/cklawreview/vol53/iss1/5.

[2]  18 U.S.C. § 5021(b) provided:  "Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge *shall automatically set aside the conviction*, and the court shall issue to the youth offender a certificate to that effect." (emphasis added).  *Quoted in* Fusz, *supra.* note 1, at 83 n. 35.